1  **CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
2  *rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
3  *bsodaify@clarksonlawfirm.com*
Alan Gudino (SBN 326738)
4  *agudino@clarksonlawfirm.com*
22525 Pacific Coast Highway
5  Malibu, California 90265
Tel: (213) 788-4050
6  Fax: (213) 788-4070

7  **MOON LAW APC**
Christopher D. Moon (SBN 246622)
8  *chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
9  *kevin@moonlawapc.com*
228 Hamilton Ave., 3rd Fl
10  Palo Alto, California 94301
Tel: (619) 915-9432
11  Fax: (650) 618-0478

12  *Attorneys for Plaintiff*

13  **UNITED STATES DISTRICT COURT**

14  **NORTHERN DISTRICT OF CALIFORNIA**

15  LISA M. MOORE, individually and on behalf
of all others similarly situated,

16  Case No. 4:20-cv-09077-JSW
Action Filed: December 16, 2020
FAC Filed: January 26, 2021

17  Plaintiff,

*Assigned for all purposes to the Hon. Jeffrey S. White*

18  v.

19  GLAXOSMITHKLINE CONSUMER
HEALTHCARE HOLDINGS (US) LLC and
PFIZER, INC.,

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS**

20  Defendants.

21

22  Hearing Information:
Date: September 6, 2024
Time: 9:00 a.m.
Courtroom: 5

23

24

25

26

27

28

Case No. 4:20-cv-09077-JSW

NOTICE OF MOTION AND MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 6, 2024, at 9:00 a.m., in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, the Honorable Jeffrey S. White presiding, Plaintiff Lisa M. Moore will and hereby does move for an Order pursuant to the Federal Rules of Civil Procedure: (i) granting approval of the proposed Rule 23(b)(2) settlement with Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC; (ii) granting a service award to Plaintiff Lisa M. Moore in the amount of $5,000.00; and (iii) awarding attorneys' fees and costs in the amount of $495,000.00.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declarations of Ryan J. Clarkson and Lisa M. Moore, the exhibits thereto, the pleadings and records on file in this action, and other relevant matters and argument as the Court may consider at the hearing of this motion.

Dated: July 24, 2024

**CLARKSON LAW FIRM, P.C.**

By: */s/ Ryan J. Clarkson*
    Ryan J. Clarkson
    Bahar Sodaify
    Alan Gudino

**MOON LAW APC**

By: */s/ Christopher D. Moon*
    Christopher D. Moon
    Kevin O. Moon

*Attorneys for Plaintiff*

MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

**TABLE OF CONTENTS**

<u>**Page No.**</u>

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND..........................................2

     A.    Plaintiff Filed this Action to Address Defendants' Consumer Deception..................2

     B.    Plaintiff Prevailed Against Defendants' Attempt to Dismiss the Case......................3

     C.    The Parties Engaged in Extensive Discovery and Expert Analysis...........................3

     D.    The Court Certified a Class for Injunctive Relief and Ruled on Expert

           Testimony ....................................................................................................3

     E.    The Parties Reached Settlement Through Mediation and Arms-Length

           Negotiations .................................................................................................4

III.  THE RULE 23(b)(2) SETTLEMENT ...............................................................4

     A.    Substantial Injunctive Relief Provides Meaningful Benefit to the Class....................4

     B.    The Court-Approved Settlement Class Definition.......................................................4

     C.    The Class Release Is Narrowly Limited to the Injunctive Relief Claims ...................5

     D.    The Service Award Recognizes Plaintiff's Significant Contribution ..........................6

     E.    Reasonable Attorneys' Fees and Costs Reflect Extensive Efforts and Results

           Achieved .......................................................................................................6

IV.  NOTICE AND PRELIMINARY APPROVAL ARE NOT REQUIRED .............7

     A.    Notice to the Class Is Not Required............................................................................7

     B.    Preliminary Approval Is Not Required .......................................................................9

V.   THE FINAL APPROVAL STANDARD IS SATISFIED ...............................10

     A.    Substantial Injunctive Relief Demonstrates the Settlement Is Fair, Reasonable, and

           Adequate .....................................................................................................11

     B.    Case Strength Balanced Against Litigation Risks Favors Settlement .......................12

     C.    Extensive Discovery and Mediation Efforts Highlight the Settlement's Informed

           Nature..........................................................................................................13

     D.    Experienced Class Counsel's Views Reinforces the Settlement's Reasonableness ..14

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

E.      Lack of Government Participant and Class Reaction Factors Support Approval......15

VI.   PLAINTIFF IS THE PREVAILING PARTY AND IS ENTITLED TO AN AWARD OF

ATTORNEYS' FEES AND COSTS ................................................................................15

VII.  THE REQUESTED FEE IS REASONABLE UNDER LODESTAR PRINCIPLES ..........16

A.      Class Counsel Spent a Reasonable Number of Hours on this Litigation..................17

i.      Class Counsel Has Excluded a Substantial Amount of Time Based on

Reasonable Billing Judgment ........................................................................17

B.      Class Counsel Worked at Reasonable Hourly Rates ................................................19

C.      The Requested Fee Is Particularly Reasonable in Light of the Relevant Factors......21

i.      Case Complexity Highlights Class Counsel's Ingenuity ...................................21

ii.     Exceptional Representation Secured Substantial Consumer Protection ...........22

iii.    Significant Risk of Non-Payment Underscores Class Counsel's

Commitment ..................................................................................................22

VIII. COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY INCURRED .....23

IX.   THE REQUESTED SERVICE AWARD FOR PLAINTIFF IS REASONABLE................24

X.    CONCLUSION..........................................................................................................25

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS

1

**TABLE OF AUTHORITES**

2

**Cases**                                                               **Page No.**

3

*Access Now, Inc. v. AMH CGH, Inc.*,
    Case No. 98-3004-CIV-GOLD,
4
    2001 WL 1005593 (S.D. Fla. May 11, 2001) ...................................................10

5

*Adoma v. Univ. of Phoenix, Inc.*,
    913 F. Supp. 2d 964 (E.D. Cal. 2012)...............................................................5
6

7

*Arnold v. DMG Mori USA, Inc.*,
    Case No. 18-cv-02373-JD,
    2022 WL 18027883 (N.D. Cal. Dec. 30, 2022) ................................................20
8

9

*Austin v. Foodliner, Inc.*,
    Case No. 16-cv-07185-HSG,
10
    2019 WL 2077851 (N.D. Cal. May 10, 2019) ....................................................6

11

*Blum v. Stenson*,
    465 U.S. 886 (1984)........................................................................................21
12

13

*Boyd v. Bechtel Corp.*,
    485 F. Supp. 610 (N.D. Cal. 1979) .................................................................15

14

*Cabrales v. Cty. of Los Angeles*,
    935 F.2d 1050 (9th Cir. 1991) ........................................................................19
15

16

*Camacho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008) ..........................................................................19

17

*Campbell v. Facebook, Inc.*,
    Case No. 13-cv-05996-PJH,
18
    2017 WL 3581179 (N.D. Cal. Aug. 18, 2017) ...........................................18, 24

19

*Carter v. Anderson Merch., LP*,
    Case Nos. EDCV 08-0025-VAP (OPx), EDCV 09-0216-VAP (OPx),
20
    2010 WL 1946784 (C.D. Cal. May 11, 2010) ..................................................14

21

*Chaudhry v. City of Los Angeles*,
    751 F.3d 1096 (9th Cir. 2014) ........................................................................19
22

*Chavez v. City of Los Angeles*,
    47 Cal. 4th 970 (2010) ....................................................................................18
23

24

*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*,
    305 F.3d 943 (9th Cir. 2002) ..........................................................................18

25

*Dei Rossi v. Whirlpool Corp.*,
    Case No. 2:12-CV-00125-TLN-CKD,
26
    2016 WL 3519306 (E.D. Cal. June 28, 2016) ...............................................2, 5

27

*DL v. District of Columbia*,
    Case No. 05-1437 (RCL),
28
    2013 WL 6913117 (D.D.C. Nov. 8, 2013) ........................................................8

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Erickson v. Corinthian Colleges, Inc.*,
    Case No. CV 13-7466-GHK (PJWx),
    2015 WL 12001275 (C.D. Cal. Dec. 22, 2015) ............................................................9

*Fischel v. Equitable Life Assur. Soc'y*,
    307 F.3d 997 (9th Cir. 2002) ....................................................................................16

*Fleming v. Impax Lab'ys Inc.*,
    Case No. 16-cv-06557-HSG,
    2022 WL 2789496 (N.D. Cal. July 15, 2022) ...........................................................20

*G.F. v. Contra Costa Cty.*,
    Case No. 13-cv-03667-MEJ,
    2015 WL 7571789 (N.D. Cal. Nov. 25, 2015) ...........................................................20

*Glass v. UBS Fin. Servs., Inc.*,
    Case No. C-06-4068 MMC,
    2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007),
    *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (N.D. Cal. Jan. 26, 2007) ...........................25

*Goldkorn v. Cnty of San Bernardino*,
    Case No. EDCV 06-707-VAP(OPx),
    2012 WL 476279 (C.D. Cal. Feb. 13, 2012) ..............................................................11

*Graciano v. Robinson Ford Sales*,
    144 Cal. App. 4th 140 (2006) ...................................................................................16

*Grant v. Capital Mgmt. Servs., L.P.*,
    Case No. 10-cv-2471-WQH (BGS),
    2014 WL 888665 (S.D. Cal. Mar. 5, 2014) ..................................................................6

*Grant v. Capital Mgmt. Servs., L.P.*,
    Case No. 10-cv-2471-WQH (BGS),
    2013 WL 6499698 (S.D. Cal. Dec. 11, 2013) ...............................................................7

*Green v. Am. Express Co.*,
    200 F.R.D. 211 (S.D.N.Y. 2001) .......................................................................7, 8, 10

*Guttman v. Ole Mexican Foods, Inc.*,
    Case No. 14-cv-04845-HSG,
    2016 WL 9107426 (N.D. Cal. Aug. 1, 2016) .............................................................18

*Hanlon v. Chrysler*,
    150 F.3d 1011 (9th Cir. 1998) .............................................................................10, 16

*Harbour v. Cal. Health & Wellness Plan*,
    Case No. 5:21-cv-03322-EJD,
    2024 WL 171192 (N.D. Cal. Jan. 16, 2024) ..............................................................20

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ........................................................................................23

*Harris v. Vector Mktg. Corp.*,
    Case No. C-08-5198 EMC,
    2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ...........................................................5, 25

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

*Hartles v. Clorox Co.*,
    273 F.R.D. 630 (S.D. Cal. 2011) ...................................................................................19

*Hefler v. Wells Fargo & Co.*,
    Case No. 16-cv-05479-JST,
    2018 WL 6619983 (N.D. Cal. Dec. 18, 2018).............................................................20

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).....................................................................................................21

*Hezi, et al. v. Celsius Holdings, Inc.*,
    Case No. 1:21-cv-09892-JHR,
    2023 WL 2786820 (S.D.N.Y Apr. 5, 2023)..................................................................20

*In re Bluetooth Headset Products Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011)..................................................................................14, 16

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,
    Case No. 3:07-cv-5944-JST; MDL No. 1917,
    2016 WL 721680 (N.D. Cal. Jan. 28, 2016).................................................................18

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000).......................................................................................13

*In re Pac. Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995).........................................................................................14

*In re Portal Software, Inc. Sec. Litig.*,
    Case No. C-03-5138 VRW,
    2007 WL 4171201 (N.D. Cal. 2007) .............................................................................7

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2012) ........................................................................9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994).......................................................................................22

*In re Wireless Facilities*,
    253 F.R.D. 607 (S.D. Cal. Sept. 3, 2008) ...................................................................14

*In re Yahoo Email Litig.*,
    Case Nos. 13-CV-4980-LHK, 13-CV-4989-LHK, 13-CV-5326-LHK, 13-CV-5388-LHK,
    2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ..............................................18, 23, 24

*Jermyn v. Best Buy Stores*,
    Case No. 08 Civ. 214 (CM),
    2012 WL 2505644 (S.D.N.Y. June 27, 2012) .........................................7, 9, 10, 15

*Keith v. Volpe*,
    644 F. Supp. 1312 (C.D. Cal. 1986) ............................................................................18

*Kelly v. Wengler*,
    822 F.3d 1085 (9th Cir. 2016).....................................................................................19

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975)....................................................................................16, 21

*Kim v. Euromotors West/The Auto Gallery*,
   149 Cal. App. 4th 170 (2007) ..................................................................16

*Kim v. Space Pencil, Inc.*,
   Case No. C 11-03796 LB,
   2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ..................................7, 10, 11, 15, 21

*Kirkorian v. Borelli*,
   695 F. Supp. 446 (N.D. Cal. 1988) .........................................................15

*Kline v. Dymatize Enters., LLC*,
   Case No. 15-CV-2348-AJB-RBB,
   2016 WL 6026330 (S.D. Cal. Oct. 13, 2016) ...........................................7, 12, 14

*Knight v. Red Door Salons, Inc.*,
   Case No. 08-01520 SC,
   2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ................................................14

*Lilly v. Jamba Juice Co.*,
   Case No. 13-cv-02998-JST,
   2015 WL 2062858 (N.D. Cal. May 4, 2015) ........................................... *passim*

*Linquist v. Bowen*,
   633 F. Supp. 846 (W.D. Mo. Jan 31, 1986) ..................................................8

*Loretz v. Regal Stone, Ltd.*,
   756 F. Supp. 2d 1203 (N.D. Cal. 2010) ....................................................18

*Lota v. Home Depot U.S.A., Inc.*,
   Case No. 11-cv-05777-YGR,
   2013 WL 6870006 (N.D. Cal. Dec. 31, 2013) ..........................................17, 18

*Lounibos v. Keypoint Government Solutions Inc.*,
   Case No. 12-cv-00636-JST,
   2014 WL 558675 (N.D. Cal. 2014) ..........................................................9

*Mamula v. Satralloy, Inc.*,
   578 F. Supp. 563 (S.D. Ohio Sept. 7, 1983) .................................................8

*Morales v. City of San Rafael*,
   96 F.3d 359 (9th Cir. 1996) ..............................................................17, 21

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ........................................................2, 12, 19

*O'Bannon v. Nat'l Collegiate Athletic Ass'n.*,
   Case No. C 09-3329 CW,
   2016 WL 1255454 (N.D. Cal. Mar. 31, 2016) ...............................................19

*Oula Zakaria v. Gerber Prods. Co.*,
   Case No. LA CV15-00200 JAK (Ex),
   2017 WL 9512587 (C.D. Cal. Aug. 9, 2017)
   *aff'd* 2018 WL 5977897 (9th Cir. Nov. 14, 2018) ...........................................13

*Penland v. Warren Cnty. Jail*,
   797 F.2d 332 (6th Cir. 1986) ...............................................................8

MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) .......................................................................24

*Rollins v. Dignity Health*,
    Case No. 13-cv-01450-JST,
    2022 WL 20184568 (N.D. Cal. July 15, 2022) ...........................................20

*Schiller v. David's Bridal, Inc.*,
    Case No. 1:10-cv-00616-AWI-SKO,
    2012 WL 2117001 (E.D. Cal. June 11, 2012) ..............................................7

*Sciortino v. PepsiCo, Inc.*,
    Case No. 14-cv-00478-EMC,
    2016 WL 3519179 (N.D. Cal. Jun. 28, 2016) ...............................................7

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .......................................................................23

*Thorne v. City of El Segundo*,
    802 F.2d 1131 (9th Cir. 1986) .....................................................................19

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ..............................................................24

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) .................................................................12

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002). ........................................................17, 21, 22

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)...................................................................................7

*Weigele v. Fedex Ground Package Sys.*,
    267 F.R.D. 614 (S.D. Cal. Apr. 5, 2010) .....................................................13

*White v. Experian Info. Sols., Inc.*,
    Case No. SACV05-1070 DOC (MLGx),
    2009 WL 10670553 (C.D. Cal. May 7, 2009) .............................................14

*Yeagley v. Wells Fargo & Co.*,
    365 F. App'x 886 (9th Cir. 2010) ................................................................16


**Federal Statutes**

28 U.S.C. § 1715 ....................................................................................................9

Fed. R. Civ. P. 23 ........................................................................................ *passim*


**Other Authorities**

Alba Conte & Herbert B. Newberg,
    Newberg on Class Actions § 14:03 (3d ed. 1992) .......................................21

MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

<u>**MEMORANDUM OF POINTS AND AUTHORITES**</u>

**I.**   <u>**INTRODUCTION**</u>

Lisa M. Moore ("Ms. Moore" or "Plaintiff") has achieved a Rule 23(b)(2) class settlement requiring GlaxoSmithKline Consumer Healthcare Holdings (US) LLC ("GSK" or "Defendant") to remove the allegedly false and deceptive "100% Natural" and "100% Naturally Sourced Ingredients" claims from its ChapStick lip-care Products, a resolution that addresses this lawsuit's core allegation that these Products were mislabeled because they contain non-natural, synthetic, and artificial ingredients.[1] Following years of contested litigation, Plaintiff has obtained a certain and timely resolution for the Class, without additional risk or delay associated with continued litigation. Plaintiff now moves for approval of the Settlement, a reasonable $5,000 service award, and a reasonable total award of $495,000 in attorneys' fees and costs, in light of the extensive work undertaken with no guarantee of compensation, and the significant value provided to the Class.

Defendant's agreement to stop using the "100% Natural" and "100% Naturally Sourced Ingredients" (the "100% Natural Representations") on the Products' labels and marketing materials represents a positive outcome for the Class, as it will protect consumers by minimizing the risk of consumer confusion and/or deception. The Settlement requires Defendant to remove the 100% Natural Representations from the Products' labels and exclude them from any future marketing materials or advertisements. Ex. A § 3.1. This injunctive relief will provide consumers with greater transparency and accuracy, and it will better enable them to make informed purchasing decisions based on their personal preferences and values. Those who prioritize natural, non-artificial ingredients will be less at risk of deception by removal of the 100% Natural Representations. Such consumers should be able to more confidently choose products that align with their expectations and needs.

As detailed below, the Court need not order notice of this injunctive relief settlement to the Class. Since the Court has already certified a Rule 23(b)(2) class, conditional certification is also unnecessary. Preliminary approval is therefore not required to evaluate whether the Settlement

---

[1] *See* Settlement Agreement, attached as Exhibit ("Ex.") A to the Declaration of Ryan J. Clarkson ("Clarkson Decl.").

MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND
ATTORNEYS' FEES AND COSTS

warrants sending notice or to determine conditional class certification for settlement purposes. All factors relevant to approval can be evaluated now, and each weighs in favor of approval.

The Settlement was negotiated at arms-length with the assistance of experienced mediator Jill R. Sperber, Esq. of Judicate West, following substantial fact and expert discovery and extensive motion practice. The parties agreed on the benefit provided to the Class but not on the amount of attorneys' fees and costs, underscoring the arms-length nature of this Settlement. *See, e.g.*, *Dei Rossi v. Whirlpool Corp.*, 2016 WL 3519306 (E.D. Cal. June 28, 2016) ("Further, the Parties reached the Settlement Agreement without reaching any agreement regarding the reasonable amount of attorneys' fees and costs to be awarded to Class Counsel, which helps to confirm that the Settlement is the product of an arms-length negotiation process."). Because the agreement is the product of an arms-length negotiation, the Settlement is entitled to a presumption of fairness. *See Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

Additionally, Class Counsel's request for attorneys' fees and costs is justified by their extensive efforts in litigating this case. Plaintiff's request for a Service Award also is warranted, given the significant time and effort she expended in pursuing this action on behalf of the Class. All relevant factors thus strongly favor the Settlement. Plaintiff therefore requests that the Court approve the Settlement, grant Plaintiff's request for Service Award, and grant Class Counsel's requested attorneys' fees and costs.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiff Filed this Action to Address Defendants' Consumer Deception

On December 16, 2020, Plaintiff filed her complaint in the Northern District of California and later filed the operative First Amended Complaint ("FAC"), asserting five causes of action against Defendants under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), Consumers Legal Remedies Act ("CLRA"), and common law claims of breach of warranty and unjust enrichment. FAC ¶¶ 50-149, ECF No. 22. Plaintiff asserted these claims on behalf of herself and a California class. *Id.* ¶ 39. She sought injunctive relief, as well as compensatory damages in the amount of the price premium that consumers overpaid for the Products due to the false and deceptive 100% Natural Representations. *See id.*, Prayer for Relief.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**B.      Plaintiff Prevailed Against Defendants' Attempt to Dismiss the Case**

On February 26, 2021, Defendants moved to dismiss the FAC. *See* ECF No. 27. The Court denied Defendants' motion in its entirety, finding that Plaintiff had standing to assert claims for substantially similar products and for injunctive relief, that she plausibly alleged that consumers could be deceived by the 100% Natural Representations, that the fraud claims were alleged with particularity under Rule 9(b), and that the express warranty claim was adequately pled. *See generally* ECF No. 42.

**C.      The Parties Engaged in Extensive Discovery and Expert Analysis**

Following the denial of Defendants' motion to dismiss, the parties engaged in extensive discovery efforts. They exchanged written discovery, produced and reviewed thousands of documents—including internal communications, marketing materials, and financial records—and issued subpoenas to relevant third parties. To bolster their respective positions, both sides retained highly qualified experts. Plaintiff retained Dr. Michael Dennis, a survey researcher for consumer perception and conjoint analysis; Mr. Colin B. Weir, an economic consultant for class-wide damages calculations; and Dr. Anton Toutov, a chemist for ingredient analysis. Defendants retained chemist Dr. Steven Dentali to rebut Plaintiff's scientific claims. The parties also conducted depositions of key witnesses, including Defendants' corporate representatives and experts.

**D.      The Court Certified a Class for Injunctive Relief and Ruled on Expert Testimony**

On December 7, 2022, Plaintiff moved to certify a California class under both Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for damages. *See* ECF No. 63. Alongside this motion, the parties filed several motions to exclude expert testimony. *See* ECF Nos. 81, 82, 94.

On January 30, 2024, the Court granted class certification under Rule 23(b)(2) for injunctive relief, which affirmed Plaintiff's standing and the appropriateness of class-wide injunctive relief. *See* ECF No. 108 at 18:26–20:12. The Court also denied Defendants' motion to exclude Plaintiff's experts, Dr. Michael Dennis and Mr. Colin B. Weir. ECF No. 108 at 4:19; 5:12. And it granted the parties' motions to exclude their respective expert chemists, Dr. Steven Dentali for Defendants and Dr. Anton Toutov for Plaintiff. *Id.* These rulings on expert testimony, while mixed, largely favored Plaintiff by preserving her key expert witnesses while excluding Defendants' only expert.

**E.    The Parties Reached Settlement Through Mediation and Arms-Length Negotiations**

On March 25, 2024, the parties participated in an unsuccessful mediation before Ms. Sperber. On May 9, 2024, the parties reconvened for a focused three-hour mediation session with Ms. Sperber. While this second session did not conclude with a settlement, it laid the groundwork for further meaningful discussions. After additional arms-length negotiations, assisted by Ms. Sperber, the parties successfully reached an agreement in principle. The parties then diligently worked to formalize the settlement terms, resulting in the comprehensive Settlement Agreement that accompanies this motion. *See* Ex. A. Plaintiff now respectfully submits this Settlement for the Court's approval to bring this Action to a final and equitable resolution.

**III.    THE RULE 23(b)(2) SETTLEMENT**

**A.    Substantial Injunctive Relief Provides Meaningful Benefit to the Class**

The Settlement provides substantial injunctive relief that directly addresses the concerns raised in the FAC and offers significant benefits to the Class. Specifically, the Settlement protects the Class by ensuring that the 100% Natural Representations are removed from the Products' labels and excluded from future marketing materials and advertisements. Ex. A § 3.1. To minimize unnecessary environmental waste and expense, the Settlement does not require Defendant to change or replace labels on Products manufactured and packaged before the Settlement Effective Date. *Id.* The Settlement, however, ensures that the Class will promptly benefit from the relief obtained by requiring these changes to be implemented promptly within 60 days of the Settlement Effective Date. *Id.* While the Settlement does not restrict Defendant from making other changes to the Products' labels, advertisements, or marketing materials, any changes must be consistent with the provisions of the Settlement. *Id.* § 3.3. Overall, the injunctive relief obtained is well-tailored to the claims asserted in the FAC and represents an important victory for the Class and consumers at large.

**B.    The Court-Approved Settlement Class Definition**

The Settlement defines the "Class" in the same manner specified in Plaintiff's Notice of Motion for Class Certification: All persons or entities who, between December 16, 2016 and January 30, 2024, purchased one or more of the Products in California for purposes other than resale, with

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

the following exceptions: (i) each Defendant, its assigns, successors, and legal representatives; (ii) any entities in which any Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer. *Compare* Ex. A §§ 2.9, 2.12 *with* MCC Notice at 2-3, ECF No. 63. The Court adopted this definition in its Order Granting Motion to Certify Class. *See* MCC Order at 20, ECF No. 108.[2]

Importantly, where, as here, the Court has previously certified a class under Rule 23, the Court need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed Settlement is fair, adequate, and reasonable. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012); *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable."); *Dei Rossi*, 2016 WL 3519306 (same). As Plaintiff details in Section V below, the Settlement is fair, adequate, and reasonable.

**C.     The Class Release Is Narrowly Limited to the Injunctive Relief Claims**

The Settlement resolves and releases Defendants and affiliated entities from liability for claims seeking to enjoin them from marketing, advertising, and labeling the Products with the 100% Natural Representations. Ex. A § 5.1. However, the release does not prevent the Class from pursing claims for monetary relief related to past, present, or future purchases of the Products. *See id.*

In addition to the Class release, there is a separate, individual release between Plaintiff and Defendant. Under this provision, Plaintiff and Defendant release each other and their related parties from all claims that directly relate to or arise from the Action, the Claims, the Individual Claims, or Plaintiff's purchase or use of any Products prior to the Settlement Effective Date. *Id.* § 6.1. This

---

[2] Pursuant to the Court's Procedural Guidelines for Class Action Settlements, Plaintiff states that the Class as defined in the Settlement does not differ from the Class certified by the Court in the Class Certification Order. Clarkson Decl. ¶ 23.

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

individual release by Plaintiff does not extend to the Class. *See id.* Moreover, this release does not waive any claims that arise after the Settlement Effective Date or any claims of the Class other than Plaintiff. *Id.*

### D.     The Service Award Recognizes Plaintiff's Significant Contribution

The Settlement provides that Class Counsel will request a Service Award to be paid to Plaintiff for her efforts in litigating this Action, regularly communicating with Class Counsel, producing documents in discovery, having her deposition taken, and cooperating with Class Counsel throughout the litigation. *Id.* § 4.2; *see* Declaration of Lisa M. Moore ("Moore Decl.") ¶ 7. Defendant does not oppose the requested Service Award payment to Plaintiff. *See* Ex. A § 4.2. Class Counsel therefore requests Court approval of a Service Award to Plaintiff in the amount of $5,000 in recognition of the risks that Plaintiff has undertaken, as well as the time and effort she has put into the Action on behalf of the Class. In this District, courts consider an incentive award of $5,000 to be "presumptively reasonable." *See* Section IX, *infra*; *Austin v. Foodliner, Inc.*, 2019 WL 2077851, at *8 (N.D. Cal. May 10, 2019) (collecting cases). Given the service that Plaintiff has provided to the Class, and absence of evidence necessary to rebut the presumption of reasonableness, the requested Service Award should be approved.

### E.     Reasonable Attorneys' Fees and Costs Reflect Extensive Efforts and Results Achieved

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). To the extent approved by the Court, Defendant has agreed that Plaintiff may request up to $495,000 for attorneys' fees and costs. *See* Ex. A § 4.3. Class Counsel's request for $495,000 in attorneys' fees and costs is substantially less than their total lodestar and costs. As of July 24, 2024, Class Counsel's lodestar amounted to $669,809.00, covering approximately 1,149.6 hours of work. Additionally, Class Counsel incurred $241,158.48 in expenses. *See* Section VII, *infra*. Plaintiff's request of $253,841.52 in fees amounts to a reduction of $415,967.48. *See* Clarkson Decl. ¶¶ 34, 36, 38. Such a significant voluntary reduction renders the Attorneys' Fees and Costs Award presumptively reasonable and warrants approval. *See, e.g.*, *Grant v. Capital Mgmt. Servs., L.P.*, 2014 WL 888665, at *7 (S.D. Cal.

Mar. 5, 2014) (granting final approval in an injunctive relief only class action settlement where class counsel requested $475,000 in attorneys' fees and costs); *Lilly v. Jamba Juice Co.*, 2015 WL 2062858, at *6 (N.D. Cal. May 4, 2015) (approving a settlement amount of $410,000 in an injunctive relief only case); *Sciortino v. PepsiCo, Inc.*, 2016 WL 3519179, at *21-22 (N.D. Cal. Jun. 28, 2016) (granting preliminary settlement approval where requested fees and costs was $500,000, which was later approved in a separate order); *see also In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *16 (N.D. Cal. 2007) ("The resulting so-called negative multiplier suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel."); *Schiller v. David's Bridal, Inc.*, 2012 WL 2117001, at *23 (E.D. Cal. June 11, 2012) ("An implied negative multiplier supports the reasonableness of the percentage fee request").

## IV.   **NOTICE AND PRELIMINARY APPROVAL ARE NOT REQUIRED**

### A.    **Notice to the Class Is Not Required**

"When a class is certified under Rule 23(b)(2) and only provides for injunctive relief, no notice is required." *Grant*, 2013 WL 6499698, at *6 (citing to *Kim v. Space Pencil, Inc.*, 2012 WL 5948951, at *4 (N.D. Cal. Nov. 28, 2012)); *Kline v. Dymatize Enters., LLC*, 2016 WL 6026330, at *6 (S.D. Cal. Oct. 13, 2016) (same). Rule 23(c)(2) provides that, "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2) (emphasis added). Because of this, "[c]ourts typically require less notice in Rule 23(b)(2) actions, as their outcomes do not truly bind class members" and there is no option for class members to opt out. *Lilly*, 2015 WL 1248027, at *8-9 (holding that because the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, class notice is not necessary); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action.").

Courts across the country are in accord. *See, e.g.*, *Jermyn v. Best Buy Stores*, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012) ("Because this injunctive settlement specifically preserves and does not release the class members' monetary claims, notice to the class members is not required."); *Green v. Am. Express Co.*, 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001) (no notice is

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

required under several circumstances, such as "when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class"); *Penland v. Warren Cnty. Jail*, 797 F.2d 332, 334 (6th Cir. 1986) ("[T]his court has specifically held that notice to class members is not required in all F.R.C.P. 23(b)(2) class actions"); *DL v. District of Columbia*, 2013 WL 6913117, at *11 (D.D.C. Nov. 8, 2013) ("[T]he district courts within these circuits that have directly considered the issue have applied the requirement 'more flexibly in situations where individual notice to class members is not required, such as suits for equitable relief'"); *Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. Jan 31, 1986) ("When a class is certified pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, notice to the class members is not required.") (internal citations omitted); *Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 572 (S.D. Ohio Sept. 7, 1983) ("This Court has certified this action as a class action under Rule 23(b)(2), and, as such, notice to class members is not required under Rule 23(c)(2).").

This Court should likewise not direct notice to the Class, as the Settlement provides substantial injunctive relief but carefully preserves Class members' rights to pursue all claims for monetary relief. *See* Ex. A §§ 3.1, 5.1. In exercising its discretion, the Court should consider that "the cost of notice would risk eviscerating the settlement agreement." *Green*, 200 F.R.D. at 212 ("[C]ourts have recognized that when notice to class members would not serve the purpose of ensuring that the settlement is fair and would, in fact jeopardize the settlement, that the court may opt to forego notice."). The parties have determined that notice is unnecessary and would be cost-prohibitive in this case, as well as possibly lead to the unraveling of the carefully negotiated Settlement and deprive the Class of the substantial benefits it provides. *See* Ex. A § 8.2 ("[S]hould good faith negotiations regarding a reasonable notice procedure be unsuccessful, each Party shall have the unilateral right to withdraw from this Settlement Agreement, without prejudice, and the Settlement Agreement will have no force or effect and will be treated as if it never existed."). Given these considerations, the parties have agreed that notice is unnecessary, especially because the Class

would have no right to opt out. *Id.* § 8.1; *see Lilly*, 2015 WL 1248027, at *9. Accordingly, Plaintiff respectfully requests that the Court find that notice is unnecessary and not required.[3]

### B.    Preliminary Approval Is Not Required

The purpose of the preliminary approval procedure is to evaluate whether a settlement is within the range of reasonableness to determine whether a court should send notice to the class members. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2012) (quoting Manual for Complex Litigation, Second § 30.44 (1985): "If the proposed settlement . . . falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing"); *Lounibos v. Keypoint Government Solutions Inc.*, 2014 WL 558675, at *5 (N.D. Cal. 2014) ("Preliminary approval of a settlement and notice to the proposed class is appropriate if the proposed settlement . . . falls within the range of possible approval.") (citations omitted).

Here, preliminary approval is not required. Unlike cases involving the release of claims for monetary relief, all the settlement approval factors applicable to the parties' Rule 23(b)(2) injunctive relief settlement can be evaluated now without a preliminary step to gauge the reaction of class members. *Compare Jermyn*, 2012 WL 2505644, at *6 (approving settlement without preliminary approval and noting that the reaction of the class members was inapplicable to injunctive relief-only settlement where no notice was required) *with Erickson v. Corinthian Colleges, Inc.*, 2015 WL 12001275, at *1 (C.D. Cal. Dec. 22, 2015) ("Because some of [the final approval] factors cannot be fully assessed at the preliminary approval stage, we look to the applicable factors to determine whether the proposed settlement is within the range of possible approval such that notice should be sent to Class Members who can further weigh in on the fairness of the proposed settlement."); *see also Lilly*, 2015 WL 2062858, at *4 (explaining that "the reaction of the class is not considered in weighing the fairness factors" where the court previously concluded that notice was not necessary);

---

[3] Although notice to the Class is not required, the Class Action Fairness Act ("CAFA") requires that notice be given to state and federal authorities. 28 U.S.C. § 1715. CAFA provides that "no later than ten days after a proposed settlement of a class is filed in court, each defendant shall serve upon the appropriate state official of each state in which a class member resides a notice of the proposed settlement and specified supporting documentation." *Id.* § 1715(b). Pursuant to the Settlement, Defendant will send a CAFA notice within 10 days of Plaintiff's filing this motion. Ex. A § 7.2.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Kim*, 2012 WL 5948951, at *6 ("[T]he reaction of class members is not relevant here because notice [is] not required under Federal Rule of Civil Procedure 23(e) and there is no binding effect on the class nor is there a release being provided.").

Accordingly, to preserve the resources of the parties, to serve judicial economy, and to avoid delays with the implementation of the Settlement, the parties agree that preliminary approval is not required. Thus, Plaintiff requests that the Court proceed to evaluate whether the Settlement merits final approval. *See Jermyn*, 2012 WL 2505644, at *13 (explaining that since a non-collusive settlement provided only for injunctive relief to a certified Rule 23(b)(2) class, and preserved class members' rights to pursue damages "the Court may provide final approval to this settlement without ordering notice to issue"); *Green*, 200 F.R.D. at 213 (approving settlement without a preliminary approval procedural-step based on finding that notice was not required); *Access Now, Inc. v. AMH CGH, Inc.*, 2001 WL 1005593 (S.D. Fla. May 11, 2001) (entering final judgment without notice where a consent decree provided injunctive relief only to Rule 23(b)(2) class that had been certified for settlement purposes); *Kim*, 2012 WL 5948951, at *5 (proceeding to evaluate the final approval factors without a preliminary step where the court concluded that no notice was required).

## V.    THE FINAL APPROVAL STANDARD IS SATISFIED

In the class action context, district courts must evaluate whether a proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon v. Chrysler*, 150 F.3d 1011, 1026 (9th Cir. 1998). In reviewing a proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but determines only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon*, 150 F.3d at 1027. The Ninth Circuit in *Hanlon* identified the following factors to assess a settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026. All relevant factors support approval of the Settlement.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

### A.     Substantial Injunctive Relief Demonstrates the Settlement Is Fair, Reasonable, and Adequate

With only a Rule 23(b)(2) class certified, the injunctive relief obtained represents a significant outcome for Plaintiff and the Class. The injunction Plaintiff secured—the crux of the Settlement—addresses the core issues of the case in a fair and reasonable manner.

Plaintiff alleges that Defendant deceptively advertised and labeled the Products with the 100% Natural Representations despite including synthetic or artificial ingredients. The injunctive relief secured by Plaintiff effectively addresses these allegedly unlawful practices and prevents Defendant from engaging in similar conduct in the future, while also preserving the Class's rights to seek monetary legal recourse if desired. The outcome represents a meaningful victory for Plaintiff and the Class, as it directly confronts the central allegations of the lawsuit and provides substantial benefits to consumers. *See Grant v. Capital Management Servs., L.P.*, 2014 WL 888665, *4 (S.D. Cal. Mar. 5, 2014) (approving settlement that "stops the allegedly unlawful practices, bars Defendant from similar practices in the future, and does not prevent class members from seeking [monetary] legal recourse.").

Under the terms of the Settlement, Defendant will remove the 100% Natural Representations from the Products' labels and marketing materials within 60 days of the Settlement Effective Date. Ex. A § 3.1. This injunctive relief represents a positive outcome for Plaintiff and the Class, given that only a Rule 23(b)(2) class was certified. The changes to the Products' labeling and marketing practices directly address the basis for Plaintiff's claims that the 100% Natural Representations were misleading to consumers. As such, the injunctive relief secured by Plaintiff is fair, reasonable, and adequate, and weighs strongly in favor of granting final approval to the Settlement. *See Lilly*, 2015 WL 2062858 (approving a settlement providing solely injunctive relief where only Rule 23(b)(2) class was certified); *Goldkorn v. Cnty of San Bernardino*, 2012 WL 476279, at *6-7 (C.D. Cal. Feb. 13, 2012) (approving settlement providing solely injunctive relief, attorneys' fees, costs, and damages to named plaintiffs); *Kim*, 2012 WL 5948951, at *10 (same).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**B.      Case Strength Balanced Against Litigation Risks Favors Settlement**

Although Plaintiff continues to believe that she could prove to a jury that the 100% Natural Representations on the Products' labels and packaging were false and misleading, Plaintiff also understands that proceeding to trial poses serious risks. To begin, Plaintiff's motion to certify a class under Rule 23(b)(3) was denied, leaving only a certified class for injunctive relief. A favorable liability verdict for the certified Rule 23(b)(2) class also is not guaranteed. The jury's response to competing expert testimonies is unpredictable, and Defendant could be expected to challenge Plaintiff's reliance on the disputed labeling. Further, Defendant's "liability in this case would hinge on a factual determination of whether reasonable consumers were likely to be deceived." *See Lilly*, 2015 WL 2062858, at *3 (citations omitted). Thus, Plaintiff acknowledges the risks of a no-liability jury finding "as any time that liability hinges on reasonableness, a favorable verdict cannot be certain." *See id.* By settling, Plaintiff avoids the risks of trial while guaranteeing a change in Defendant's labeling and advertising practices to cease the alleged deception and protect all consumers going forward. The considerable risks of proceeding to trial counsel in favor of Settlement approval. *See, e.g.*, *Nat'l Rural Telecomms. Coop. v. DIREC-TV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, 'It has been held proper to take the bird in hand instead of a prospective flock in the bush.'") (citations omitted).

The parties agree that the expense, complexity, duration, and risk involved in further litigation strongly favor resolution through the Settlement. *See Kline*, 2016 WL 6026330, at *5 ("[W]hile confident in the merits of their case, Plaintiffs are cognizant of the inherent risks of lengthy litigation . . . The proposed settlement adequately accounts for these risks"); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) (In weighing the risk of future litigation, "a court may consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.") (internal quotation marks omitted).

As discussed above, Plaintiff alleged that Defendant violated California consumer protection laws as well as common law claims by labeling the Products with the 100% Natural Representations which increased sales by implying that the Products do not contain synthetic or artificial ingredients. Defendant has denied these allegations, arguing that Plaintiff cannot show the product labels in question were misleading or violated any laws or regulations. The parties' experts prepared reports on the Products' ingredients, and planned to offer similar testimony were the litigation to continue. The attendant costs associated with paying dueling experts, continuing motion practice and discovery, and proceeding through litigation are not preferable to the prompt injunctive relief the Settlement provides. The failure to reach settlement—in addition to the cost associated with further litigation—would raise considerable risks associated with the parties' positions, including the risk that the Rule 23(b)(2) class would be de-certified, that a motion for summary judgment on the merits would be granted against Plaintiff, that the Court or a jury would disagree on materiality, or that, after resolution, the Action would be appealed. *See Oula Zakaria v. Gerber Prods. Co.*, 2017 WL 9512587, at *22 (C.D. Cal. Aug. 9, 2017) (decertifying class after finding plaintiff failed to provide an adequate basis to calculate restitution and actual damages), *aff'd* 2018 WL 5977897 (9th Cir. Nov. 14, 2018); *Weigele v. Fedex Ground Package Sys.*, 267 F.R.D. 614, 625 (S.D. Cal. Apr. 5, 2010) (decertifying class after concluding predominance was lacking). Because of these factors and the parties' joint desire to resolve this matter by the terms outlined in the Settlement, the Court should approve the Settlement.

## C. Extensive Discovery and Mediation Efforts Highlight the Settlement's Informed Nature

Courts evaluate whether Class Counsel had sufficient information to make an informed decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). This Action consisted of a lengthy litigation period involving the deposition of Plaintiff, production and review of thousands of documents, exchange of expert reports, deposition of Defendant's Rule 30(b)(6) designees, and extensive briefing on motions seeking dismissal and class certification. Clarkson Decl. ¶¶ 50, 51. Class Counsel have therefore had a genuine opportunity to consider the Court's various rulings, take meaningful discovery and gauge the feasibility and

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

benefits of settlement versus continued litigation. *See In re Wireless Facilities*, 253 F.R.D. at 610 (settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair); *White v. Experian Info. Sols., Inc.*, 2009 WL 10670553, at *13 (C.D. Cal. May 7, 2009) (same). Furthermore, the Settlement was reached only after the parties participated in multiple mediations and arms-length negotiations over the course of several weeks. *See Kline*, 2016 WL 6026330, at *5 ("That the settlement was reached with the assistance of an experienced mediator further suggest that the settlement is fair and reasonable.") (citation omitted).

As a result of the parties' efforts, the Court's rulings, and the mediator's input, the claims have been substantially investigated and/or are substantially understood so that Class Counsel had a reasonable opportunity to candidly assess the merits and weaknesses of the claims and the defenses thereto. When comparing the injunctive relief obtained to Plaintiff's expected recovery—considering that no Rule 23(b)(3) class was certified, and that Defendant may have brought a motion for summary judgment on the merits of Plaintiff's claims—the Settlement provides substantial value to the Class. The parties worked closely with Ms. Sperber, an experienced mediator who ultimately assisted the parties in reaching a fair and reasonable resolution. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ("[The] presence of a neutral mediator [is] a factor weighing in favor of a finding of non-collusiveness."). Where, as here, a settlement is negotiated at arms-length by experienced counsel, there is a presumption that it is fair and reasonable. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). This factor therefore weighs in favor of approving the Settlement.

### D.     Experienced Class Counsel's Views Reinforces the Settlement's Reasonableness

"The recommendations of plaintiff['s] counsel should be given a presumption of reasonableness" when contemplating the approval of a proposed settlement. *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) (citation omitted). Here, Class Counsel have substantial experience in class action litigation and, in particular, with class action litigation specific to California's consumer protection statutes and false labeling laws. Clarkson Decl., Ex. B [Firm Resume]. Given this expertise, the opinion of Class Counsel supporting the Settlement is "is accorded considerable weight." *Carter v. Anderson Merch., LP*, 2010 WL

1946784, at *8 (C.D. Cal. May 11, 2010); *see Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal. 1988); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

Regarding the terms of the Settlement, Class Counsel's experienced judgment and views, which guided their decision in drafting and negotiating the relief contained within, and which were informed by the experienced mediator, should be considered in determining whether approval is warranted. Based on their experience and reasoned judgment, the information learned through extensive fact and expert discovery, and legal research for this and similar cases, Class Counsel concluded that the Settlement provides exceptional results for the Class while avoiding the uncertainties of continued and protracted litigation. Clarkson Decl. ¶¶ 55-60.

**E.    Lack of Government Participant and Class Reaction Factors Support Approval**

Here, "no government participant is involved, so the court does not weigh this factor." *See Lilly*, 2015 WL 2062858, at *3. Similarly, because notice is "not necessary, the reaction of the class is not considered in weighing the fairness factors." *See id.*; *Jermyn*, 2012 WL 2505644, at *6 ("[B]ecause class members' monetary claims are not being released and instead remain intact, no notice is required. Therefore, this factor is not relevant to the settlement approval analysis."); *Kim*, 2012 WL 5948951, at *6 ("[T]he reaction of class members is not relevant here because notice [is] not required under Federal Rule of Civil Procedure 23(e) and there is no binding effect on the class nor is there a release being provided."). In sum, each of the relevant settlement approval factors demonstrates that the parties' proposed Settlement should be approved.

**VI.    PLAINTIFF IS THE PREVAILING PARTY AND IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS**

As noted above, Plaintiff brought claims against Defendant under various theories, including under California's CLRA. For CLRA claims, an award of fees to the prevailing party is mandatory under Civil Code § 1780(e), which provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." As a California Court of Appeal has explained, for a court in construing this provision, "a mandatory construction of the word 'shall'

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

in section 1780(d) is consistent with the legislative purpose underlying the statute." *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178 (2007).

Class Counsel negotiated a settlement that will provide for the removal of the 100% Natural Representations from the Products' labels and marketing materials, ensuring that the Class is no longer exposed to these alleged misrepresentations when making purchasing decisions. Plaintiff has thus succeeded by realizing a primary litigation objective. As Plaintiff is the "prevailing party," a fee award to Class Counsel is mandatory under the CLRA. *Graciano v. Robinson Ford Sales*, 144 Cal. App. 4th 140, 150-51 (2006). Although Defendant has the right to contest the amount of fees sought by Class Counsel, it does not dispute that Class Counsel are entitled to fees because of the settlement.

## VII.  THE REQUESTED FEE IS REASONABLE UNDER LODESTAR PRINCIPLES

In the Ninth Circuit, a court may award attorney's fees based on the "lodestar" method where there is no formal common fund, taking into account the factors discussed below. *Fischel v. Equitable Life Assur. Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002); *Hanlon*, 150 F.3d 1011, 1029 (affirming choice of lodestar method where calculation of value of common fund was uncertain). Thus, in cases where the primary benefit is injunctive relief, courts apply the lodestar method. *See, e.g.*, *Hanlon*, 150 F.3d at 1029; *Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886, 886 (9th Cir. 2010) (holding that the lodestar method ought to have been used to calculate attorneys' fees where injunctive relief was sought and no common fund was created); *Lilly*, 2015 WL 2062858, at *5.

The lodestar figure is calculated by multiplying the hours reasonably spent on the case by appropriate hourly rates based on the locale and attorney experience. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941-42; *Hanlon*, 150 F.3d at 1029. The resulting lodestar figure may be adjusted upward or downward by use of a multiplier to account for factors including, but not limited to: (i) the quality of the representation; (ii) the benefit obtained for the class; (iii) the complexity and novelty of the issues presented; and (iv) the risk of nonpayment. *Hanlon*, 150 F.3d at 1029; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Courts typically apply a multiplier or enhancement to the lodestar to account for the substantial risk that plaintiffs' counsel undertook by accepting a case where no payment would be received if the lawsuit did not

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

succeed. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). Thus, a fee that approximates lodestar is considered presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64, n.8 (9th Cir. 1996) ("There is a strong presumption that the lodestar figure represents a reasonable fee.").

### A.    Class Counsel Spent a Reasonable Number of Hours on this Litigation

Class Counsel's declaration describes the extensive work performed in connection with this litigation over the past four years. Clarkson Decl. ¶¶ 50-54. Through Class Counsel's diligent litigation efforts, the parties reached a settlement that will ensure the removal of the 100% Natural Representations from the Products' labels and marketing materials. This injunctive relief will enable consumers to make informed purchasing decisions without being misled by these alleged misrepresentations. Because Plaintiff sought a change in Defendant's labeling of the Products on behalf of a Rule 23(b)(2) class, Defendant's agreement to change those labels is an exceptional result for the Class.

Given the technical nature of the litigation, the pleadings challenge, the contested class certification motion, and the lengthy settlement negotiations, the 1,149.6 hours Class Counsel spent were reasonable. *See id.* Moreover, Class Counsel has exercised reasonable billing judgment in their requested fee award. Clarkson Decl. ¶¶ 33-49.

### i.    Class Counsel Has Excluded a Substantial Amount of Time Based on Billing Judgment

Plaintiff substantially prevailed in this Action by achieving a primary litigation objective of compelling Defendant to remove certain allegedly misleading labeling claims, despite not obtaining monetary damages. Recognizing, however, that "fees are not awarded for time spent litigating claims unrelated to the successful ones," *Lota v. Home Depot U.S.A., Inc.*, 2013 WL 6870006, at *5 (N.D. Cal. Dec. 31, 2013), Class Counsel has exercised reasonable billing judgment and voluntarily reduced their requested lodestar from $669,809.00 to request $253,841.52 in fees, a $415,967.48 reduction. *See* Clarkson Decl. ¶¶ 34, 36, 38. This reduction reflects several important considerations, including: work related to damages claims not certified by the Court; the focused nature of the injunctive relief obtained; time spent investigating class notice ultimately not required by law;

MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1    removal of administrative tasks such as reviewing court orders, non-essential attendance at hearings

2    and depositions, travel time, and general litigation support by junior staff. *See Lota*, 2013 WL

3    6870006, at *9 (citing *Keith v. Volpe,* 644 F. Supp. 1312, 1316 (C.D. Cal. 1986) (discussing billing

4    judgment and reducing the total time by subtracting travel, time spent in meetings with more than

5    two attorneys, time spent organizing files and other clerical matters)); *see also In re Cathode Ray*

6    *Tube (CRT) Antitrust Litig.*, 2016 WL 721680 (N.D. Cal. Jan. 28, 2016) (refusing to reduce hours

7    based on counsel's use of block billing); *Loretz v. Regal Stone, Ltd.*, 756 F. Supp. 2d 1203, 1213

8    (N.D. Cal. 2010) (same); Clarkson Decl. ¶ 37.

9       In total, Class Counsel's reductions and exclusions amount to a discount of 62.10% or

10    $415,967.48 off the total fees incurred. Thus, Class Counsel is seeking a total negative multiplier of

11    0.38. *Id.* ¶ 36. This application of an inverse multiplier strongly supports an inference of

12    reasonableness. *See, e.g.*, *In re Yahoo Email Litig.*, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25,

13    2016) (finding that the lodestar multiplier of .97 "is within the range of reasonableness" and granting

14    a request for $4 million in attorney's fees); *Guttman v. Ole Mexican Foods, Inc.*, 2016 WL 9107426,

15    at *6 (N.D. Cal. Aug. 1, 2016) (finding that a fee request was "especially" reasonable because

16    counsel voluntarily applied a multiplier of .59); *Campbell v. Facebook, Inc.*, 2017 WL 3581179, at

17    *7 (N.D. Cal. Aug. 18, 2017) (approving a $3.89 million fee award where plaintiffs applied a

18    negative multiplier of .497).

19       Given that Class Counsel has already applied this substantial reduction, no further reduction

20    is necessary in this case. Indeed, the Ninth Circuit has instructed that "fees are not reduced when a

21    plaintiff prevails on only one of several factually related and closely intertwined claims." *Chavez v.*

22    *City of Los Angeles*, 47 Cal. 4th 970, 989 (2010). In this case, Plaintiff's damages claims were

23    inextricably intertwined with her injunctive relief claims. Both forms of relief required that Plaintiff

24    demonstrate that all Rule 23(a) factors were met, and that there was a triable issue on each element

25    of her consumer protection claims.

26       Moreover, courts have recognized that "even if a specific claim fails, the time spent on that

27    claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cmty.*

28    *Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 956 (9th Cir. 2002) (quoting

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991)); *O'Bannon v. Nat'l Collegiate Athletic Ass'n* is particularly instructive here. 2016 WL 1255454 (N.D. Cal. Mar. 31, 2016). There, Judge Wilken declined to reduce a fee award even though she had denied plaintiffs' request to certify a damages class, certified only an injunctive relief class, and a portion of the injunctive relief ordered by the court was later reversed. 2016 WL 1255454, at *3-4. Accordingly, where, as here, the unsuccessful claims are related to the successful ones and "the plaintiff obtained excellent results," full compensation may still be appropriate. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986).

Class Counsel's conservative calculation ensures that the requested fees are commensurate with the results achieved for the Class while still reflecting the substantial time and effort invested in this complex litigation. Therefore, Class Counsel respectfully requests $253,841.52 in lodestar to compensate them for the time spent obtaining the removal of the "100% Natural Representations" from the Products' labels for the benefit of the Class. Because Class Counsel is already voluntarily reducing the fees sought, Class Counsel respectfully submits that no further reduction is warranted.

**B.      Class Counsel Worked at Reasonable Hourly Rates**

The hourly rate for each lawyer who staffed the case is reasonable and commensurate with rates approved in other class actions litigated in this district. *See* Clarkson Decl. ¶¶ 43-46. The hourly rates fall well within the range that courts within this district have determined to be reasonable. *Id.* A "reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see also Hartles v. Clorox Co.*, 273 F.R.D. 630, 644 (S.D. Cal. 2011) (stating that rates are "reasonable where they [are] similar to those charged in the community and approved by other courts"). Here, the "relevant community" is the Northern District of California. *See, e.g.*, *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) ("The relevant community is the forum in which the district court sits.") (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

Class Counsel's hourly rates are consistent with the prevailing market rates in the Northern District of California for attorneys of comparable skill, experience, and reputation. These rates have been repeatedly accepted by courts in this district as reasonable for complex class action litigation.

For example, in *Harbour v. Cal. Health & Wellness Plan*, the court determined that the charged hourly rates ranging from $425 to $1,200 fell "within the range of those approved in other similar cases, . . ." 2024 WL 171192, at *8 (N.D. Cal. Jan. 16, 2024). In *Rollins v. Dignity Health*, the court found that billing rates between $215 and $1,060 were "reasonable in light of prevailing market rates in this district . . . ." 2022 WL 20184568, at *6 (N.D. Cal. July 15, 2022). And in *G.F. v. Contra Costa Cty.*, 2015 WL 7571789 (N.D. Cal. Nov. 25, 2015), the court found that hourly rates between $175 and $975, which included "an hourly rate of $845-$975 for two of the most senior and experienced litigators," were "in line with the overall range of market rates for attorneys and for litigation support staff of similar abilities and experience" in the Northern District of California between 2013 and 2014. *Id.* at *14; *see also Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (finding rates from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates, and $245 to $350 for paralegals to be reasonable); *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates ranging from $760 to $1,325 for partners, $895 to $1,150 for counsel, and $175 to $520 for associates).

Although the Northern District of California is the relevant community for determining reasonable hourly rates, this Court may consider fee awards in other jurisdictions as evidence of reasonableness. *See Arnold v. DMG Mori USA, Inc.*, 2022 WL 18027883, at *3 (N.D. Cal. Dec. 30, 2022) ("Counsel may rely upon their own declarations, fee awards in other cases, and declarations of other attorneys to prove the reasonableness of their rates."). In this regard, similar hourly rates for Clarkson Law Firm, P.C. have recently been approved in the Southern District of New York. In *Hezi, et al. v. Celsius Holdings, Inc.*, 2023 WL 2786820 (S.D.N.Y Apr. 5, 2023), the court found that Clarkson Law Firm, P.C.'s requested rates—ranging from $850 to $1,100 for partners, $425 to $775 for associates, and $300 to $365 for litigation support staff—were "fair, reasonable, and consistent with rates accepted within this jurisdiction for complex consumer class actions litigation." *Hezi*, 2023 WL 2786820, at *6. Because Class Counsel's rates have been deemed reasonable in another federal district for similar complex class action litigation, and considering that they are commensurate with the prevailing rates in the Northern District of California, this Court should find Class Counsel's rates to be reasonable and approve them accordingly.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

C. **The Requested Fee Is Particularly Reasonable in Light of the Relevant Factors**

The lodestar analysis is not limited to the simple mathematical calculation of Class Counsel's base fee. *See Morales*, 96 F.3d at 363-64. Rather, Class Counsel's actual lodestar may be enhanced according to those factors that have not been "subsumed within the initial calculation of hours reasonably expended at a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983) (citation omitted); *see also Morales*, 96 F.3d at 364. In a historical review of numerous class action settlements, the Ninth Circuit found that lodestar multipliers normally range from 0.6 to 19.6, with most (83%) falling between 1 and 4. *See Vizcaino*, 290 F.3d at 1051, fn.6; *see also* Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 14:03 (3d ed. 1992) (recognizing that multipliers of 1 to 4 are frequently awarded). In considering the reasonableness of attorneys' fees and any requested multiplier, the Ninth Circuit has directed district courts to consider the time and labor required, the novelty and complexity of the litigation, the skill and experience of counsel, the results obtained, and awards in similar cases. *Kerr*, 526 F.2d at 70; *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984). All of these factors further support the reasonableness of the requested fee award in this Action. *Vizcaino*, 290 F.3d at 1051.

### i. *Case Complexity Highlights Class Counsel's Ingenuity*

The novelty and complexity of this case strongly supports the requested fee. Class Counsel faced difficult legal and factual issues to establish that Defendant's 100% Natural Representations are false and misleading given the Products' various artificial, synthetic, and unnatural ingredients. To make that showing, Class Counsel retained and collaborated with experts to prove the presence of non-natural ingredients. Clarkson Decl. ¶¶ 50-54. Furthermore, Class Counsel engaged additional experts to design a robust methodology for a market research study to evaluate consumers' perceptions of the 100% Natural Representations and determine whether class members were misled. *Id.* Additionally, Class Counsel navigated unusual legal issues related to Rule 23(b)(2) class actions and examined the prospect of injunctive relief in consumer class actions where a Rule 23(b)(3) class was also pursued. *Id.* Ultimately, Class Counsel achieved a settlement that requires Defendant to change its advertising and labeling practices. In light of the novelty and complexity of this case, and concomitant risks to counsel, a higher fee request would be justified. *See, e.g.*, *Kim*,

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

2012 WL 5948951, at *8 (applying a multiplier of 1.18 based on "the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment" in a case awarding injunctive relief for claims under federal and California consumer and privacy law); *Cf. Kelly*, 822 F.3d at 1093-94 (affirming application of multipliers of 2.0 and 1.3 in a case awarding injunctive relief for violations of 42 U.S.C. § 1983).

### ii.   *Exceptional Representation Secured Substantial Consumer Protection*

The Settlement provides substantial relief for the Class. Through Class Counsel's litigation efforts, the parties reached an agreement that will protect consumers from confusion from the 100% Natural Representations on the Products' labels and marketing materials. The terms of the Settlement require the removal of these representations within 60 days of the Settlement Effective Date. Ex. A § 3.1. The elimination of these claims will ensure that consumers can make informed purchasing decisions without being influenced by alleged misrepresentations suggesting that the Products are entirely natural and free from artificial ingredients.

As Plaintiff sought the removal of the challenged 100% Natural Representations on behalf of a Rule 23(b)(2) class certified by this Court, Defendant's agreement to remove these claims from the Products' labels and marketing materials represents an important victory for the Class. Class Counsel avoided considerable burden and expense to the parties and the judicial system by conducting a thorough investigation and achieving a favorable settlement. The results achieved by Class Counsel in this case fully justify the requested fee.

### iii.   *Significant Risk of Non-Payment Underscores Class Counsel's Commitment*

An important factor bearing on fee petitions in the Ninth Circuit is the level of risk of nonpayment faced by Class Counsel at the inception of the litigation. *See, e.g.*, *Vizcaino*, 290 F.3d at 1048. In *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, the Ninth Circuit recognized that: "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases . . . [I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

risks of recovering nothing." 19 F.3d 1291, 1299-1300 (9th Cir. 1994) (citations omitted); *see also In re Yahoo Email Litig.*, 2016 WL 4474612, at *11 (approving a $4 million fee award where it was "possible that, absent settlement, Class Counsel would not have been paid for their efforts in this litigation").

Here, Class Counsel expended substantial time and costs to prosecute the case with no guarantee of compensation or reimbursement in the hope of prevailing against sophisticated defendants represented by high-caliber attorneys. *See* Clarkson Decl. ¶¶ 58-60. Class Counsel obtained a highly favorable result for the Class, knowing that if their efforts were ultimately unsuccessful, they would receive no compensation or reimbursement for their costs. Class Counsel prosecuted the case with the type of vigor and skill required to ensure justice for the Class. This fact alone supports the finding that Class Counsel's requested fee is fair and reasonable.

## VIII.   COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY INCURRED

The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of a class action settlement. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003). Class Counsel is entitled to reimbursement for standard out-of-pocket expenses that an attorney would ordinarily bill a fee-paying client. *See, e.g.*, *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). The incurred costs include court fees, copying fees, courier charges, expert fees, legal research charges, telephone/facsimile fees, travel costs, postage fees, and other related costs. *See* Clarkson Decl. ¶ 41. Each of these costs was necessarily and reasonably incurred to bring this case to a successful conclusion, and they reflect market rates for the various categories of expenses incurred.

To date, Class Counsel has incurred out-of-pocket costs and expenses totaling $241,158.48 in prosecuting this litigation on behalf of the Class. *Id.* ¶¶ 40-41. These costs and expenses were necessary for the effective prosecution of this case and the achievement of the settlement benefits for the Class. *Id.* ¶ 10. The costs incurred reflect the complex nature of this litigation and the formidable resources required to challenge a well-funded corporate defendant. They encompass a wide range of essential expenses, including but not limited to extensive document review and e-discovery costs; expert witness fees for critical scientific and consumer behavior analyses; deposition expenses, including court reporter and videographer fees; and mediation fees that were

crucial in reaching this favorable settlement. *Id.* ¶ 41. Importantly, Class Counsel bore the entire financial risk of this litigation with no guarantee of reimbursement. *Id.* ¶ 10. The successful outcome achieved justifies these expenses and validates Class Counsel's strategic decisions throughout the Action. The Court should therefore find that these costs were reasonably and necessarily incurred by Class Counsel in the prosecution of this Action and should be reimbursed in full.

## IX.   THE REQUESTED SERVICE AWARD FOR PLAINTIFF IS REASONABLE

Plaintiff seeks a Service Award of $5,000 in recognition of her effort on behalf of the Class. Moore Decl. ¶ 13. Such awards are typical in class actions and are intended to compensate representatives for their work, risk, and willingness to act as private attorneys general. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Service awards are committed to the sound discretion of the trial court and should be awarded based upon the court's consideration of, *inter alia*, the amount of time and effort spent on the litigation, the duration of the litigation and the degree of personal gain obtained as a result of the litigation. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Since the Action's filing on December 16, 2020, Plaintiff has been actively involved in the proceedings. Moore Decl. ¶ 8. Throughout the nearly four years of litigation, Plaintiff worked closely with Class Counsel to ensure the efficient and effective prosecution of the Action. *Id.* She routinely communicated with Class Counsel concerning this Action; remained fully informed about case developments; routinely reviewed the various pleadings and motions filed in this Action; reviewed other documents related to the case; responded to defendants' discovery requests; prepared for and sat for deposition; and carefully reviewed the Settlement in order to understand and approve the terms of the Settlement and the benefits to the Class. *Id.* ¶ 7. These efforts were critical to the case's success and the ultimate benefit secured for the Class.

In this District, service awards of $5,000 are typically considered presumptively reasonable. *See Campbell*, 2017 WL 3581179, at *4, *8 (approving an incentive award of $5,000 in injunctive relief only class settlement); *see also In re Yahoo Email Litig.*, 2016 WL 4474612, at *11 (approving an incentive award of $5,000 where the class settlement included declaratory and injunctive relief). The requested amount is modest compared to awards in other cases. *See, e.g.*, *Van Vraken*, 901 F.

MOTION FOR APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Supp. at 299-300 (incentive award of $50,000); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (N.D. Cal. Jan. 26, 2007) (awarding $100,000 divided among four plaintiffs in overtime wages class action); *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *8 (N.D. Cal. Feb. 6, 2012) (awarding $12,500 service award).

Given Plaintiff's significant involvement and the critical role she played in achieving this favorable outcome for the Class, Plaintiff respectfully requests that the Court approve the Service Award of $5,000.

## X.  CONCLUSION

For the reasons set forth in this motion, the Plaintiff respectfully requests the Court: (1) grant approval of the Settlement; (2) waive any notice to the Class; (3) grant Plaintiff's request for a Service Award of $5,000; (4) grant Class Counsel's request for attorneys' fees and costs of $495,000; and (5) grant such other relief as the Court deems just and proper.

Dated: July 24, 2024                                    **CLARKSON LAW FIRM, P.C.**

                                                        By: */s/ Ryan J. Clarkson*
                                                            Ryan J. Clarkson
                                                            Bahar Sodaify
                                                            Alan Gudino

                                                        **MOON LAW APC**

                                                        By: */s/ Christopher D. Moon*
                                                            Christopher D. Moon
                                                            Kevin O. Moon

                                                        *Attorneys for Plaintiff*