UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA M. MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC and PFIZER, INC.,<br><br>Defendants. | Case No. 4:20-cv-09077-JSW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS, AND FINAL JUDGMENT**<br><br><u>Hearing Information</u>:<br>Date: December 6, 2024<br>Time: 9:00 a.m.<br>Courtroom: 5 |

WHEREAS, Plaintiff's Motion For Final Approval of Rule 23(b)(2) Class Action Settlement, Service Award, And Attorneys' Fees And Costs came on for hearing before this Court on December 6, 2024 with Class Counsel Clarkson Law Firm, P.C. ("Class Counsel") appearing on behalf of Lisa M. Moore ("Class Representative" or "Plaintiff"), and Dechert LLP appearing on behalf of Glaxosmithkline Consumer Healthcare Holdings (Us) LLC ("GSK") and Pfizer, Inc., ("Pfizer") ("Defendants") (collectively, the "Parties").

WHEREAS, on December 16, 2020, Plaintiff filed this action, alleging that Defendants deceptively and unlawfully labeled, packaged, and marketed their ChapStick lip-care products (the "Products").

WHEREAS, on September 6, 2024, Plaintiff submitted the Settlement for the Court's review and approval, which the Court preliminarily approved on October 3, 2024 (ECF 143) ("Preliminary Approval Order") and established that notice of the Settlement to the Class is not required.

WHEREAS, having received and considered the Settlement, all papers filed in connection therewith, the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. <u>Incorporation of Other Documents</u>. This Final Judgment and Order incorporates by reference the definitions in the Settlement Agreement (the "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meaning as set forth in the Settlement.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Class certified pursuant to Fed. R. Civ. P. 23(b)(2):

> All persons or entities who, between December 16, 2016 and January 30, 2024, purchased one or more of the Products in California for purposes other than resale, with the following exceptions: (i) each Defendant, its assigns, successors, and legal representatives; (ii) any entities in which any Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

3. <u>Class Certification</u>. The Court affirms its previous certification of the Class as defined above and adopted in its order dated January 30, 2024, finding that the Class meets all requirements under Fed. R. Civ. P. 23(a) and (b)(2) for injunctive relief. ECF No. 108.

4. <u>Adequate Representation</u>. The Court finds that the Class Representative and Class Counsel fairly and adequately represented and protected the interests of the absent Class members in accordance with Fed. R. Civ. P. 23.

5. <u>Arms-Length Negotiations</u>. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the benefits provided to the Class, and the relative risks and benefits of further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including two mediations.

6. <u>Class Notice</u>. The Court finds that class notice is not required in this case. Federal Rule of Civil Procedure 23(c)(2)(A) provides that for classes certified under Rule 23(b)(1) or (b)(2), "the court may direct appropriate notice to the class." Unlike Rule 23(b)(3) classes, notice is not mandatory for (b)(2) classes. In this case, where the settlement provides only for injunctive relief and does not release any monetary claims of absent class members, the Court determines that notice is not necessary to protect class members' interests or to ensure the fair conduct of the Action. The injunctive nature of the relief, which addresses the challenged practices on a class-wide basis without compromising individual rights to pursue damages, renders individual notice unnecessary. Therefore, the Court concludes that the requirements of due process and Rule 23 are satisfied without providing notice to the class.

7. <u>Settlement Approval</u>. The Court hereby grants final approval of the Settlement and finds that the terms constituted, in all respects, a fair, reasonable, and adequate settlement as to all Class members in accordance with Fed. R. Civ. P. 23 and direct consummation pursuant to its terms and conditions.

8. The Court finds that the Settlement provides substantial and meaningful relief to the Class as follows: The Settlement protects the Class by ensuring that the statements "100% Natural" and "100% Naturally Sourced Ingredients" are removed from the Products' labels and excluded from future marketing materials and advertisements. It requires that within six months following the Settlement Effective Date, Defendant GSK will cease manufacturing the Products with labels and packaging bearing these statements and will exclude them from future marketing or advertisements created by the Products' manufacturer or at its direction. To minimize unnecessary

environmental waste and expense, the Settlement does not require Defendant to change or replace labels on Products manufactured and packaged prior to the Settlement Effective Date, nor does it require recall of Products, advertisements, or marketing materials distributed before this date. Importantly, the Settlement does not restrict Defendant from retaining current representations about naturally sourced ingredients or making other changes to the Products' labels, advertisements, or marketing materials, provided such changes are consistent with the Settlement provisions.

9. The Court finds that the Settlement is fair when compared to the strength of Plaintiff's case, Defendant's defenses, the risks involved in further litigation, and maintaining class status throughout the litigation.

10. The Court finds that the Parties conducted extensive investigation, research, and fact and expert discovery, and that their attorneys were able to reasonably evaluate their respective positions.

11. The Court finds that Class Counsel has extensive experience acting as counsel in complex class action cases and their views on the reasonableness of the Settlement was therefore given its due weight.

12. The Settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or the Defendant-Releasees.

13. <u>Attorneys' Fees and Costs; Service Award</u>. Class Counsel have litigated this matter with skill and diligence to confer an injunctive benefit on the Class members in the form of cessation of the challenged practice, and having expended resources and effort to secure a benefit to the Class, with no guarantee of payment due to the contingent nature of the representation, and having turned down other work, are entitled to reasonable attorneys' fees and costs and, accordingly, the Court approves Plaintiff's request for an Attorneys' Fees and Costs Award of $495,000, which represents $253,841.52 for attorneys' fees and $241,158.48 for costs.

14. Class Counsel have devoted 1,149.6 hours with a lodestar of $669,809.00 to achieve the Settlement in this Action. Having reviewed Class Counsel's request for an Attorneys' Fees and Costs Award, the Court finds the requested amount of attorneys' fees ($253,841.52) to be fair, reasonable, and appropriate under applicable law and based upon the following factors: (1) the results obtained are a fair, adequate, and reasonable benefit to the Class; (2) the fee award represents a 62.1% voluntary reduction in Class Counsel's lodestar, resulting in a negative multiplier of 0.38; (3) the considerable risk that Class Counsel would recover nothing; and (4) the financial burden taken on by Class Counsel in litigating the case on a contingent basis.

15. The Court also finds that Class Counsel have incurred $241,158.48 in litigation costs which were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and scope of this case. The Court finds that Class Counsel are entitled to be reimbursed for these costs.

16. In making this Attorneys' Fees and Costs Award, the Court has further considered and found that:

    a. The Settlement provides the Class with substantial and meaningful injunctive relief, as Defendant GSK has agreed to remove the allegedly misleading "100% Natural" and "100% Naturally Sourced Ingredients" claims from the ChapStick product labels and marketing materials, directly addressing the core issue of this litigation;

    b. Notice to the Class is not required in this case, as the Settlement provides only injunctive relief under Rule 23(b)(2), preserving class members' rights to pursue individual damages claims while securing valuable changes in Defendant's labeling practices for the benefit of all consumers;

    c. Class Counsel has prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

    d. Class Counsel has expended substantial time, effort, and resources pursuing the Action on behalf of the Class;

e.  Class Counsel pursued the Action on a contingent basis, having received no compensation during the litigation, and any fee amount has been contingent on the result achieved, demonstrating a significant risk undertaken by Class Counsel;

f.  The Action involves complex factual and legal issues related to consumer protection and product labeling, and in the absence of the Settlement, would require further lengthy proceedings with uncertain outcomes;

g.  Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendant, particularly given the challenges of proving consumer deception on a class-wide basis;

h.  Class Counsel has devoted 1,149.6 hours to litigating the Action, with a lodestar value of $669,809.00, to achieve the Settlement;

i.  Public policy considerations strongly favor the award of reasonable attorneys' fees and expenses in consumer protection class action litigation, especially where, as here, the injunctive relief obtained will benefit not only the Class but also future consumers;

j.  The attorneys' fees and costs awarded are fair and reasonable, and consistent with awards in similar cases within the Ninth Circuit; and

k.  The Settlement achieves a valuable public benefit by promoting transparency in product labeling and advancing consumer protection goals without the need for protracted litigation or the expenditure of judicial resources on a trial.

17.  The attorneys' fees and costs set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement.

18.  Further, the Class Representative's dedication and efforts have conferred a significant benefit on consumers in California and the public and accordingly, the Court approves Class Representative's request for a Service Award of $5,000.

19.  This Service Award is justified by: (1) the risk Class Representative faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this Action by the Class Representative; and (3) the benefits the Class Representative helped obtain for the Class members under the Settlement.

20. The Court finds that the proposed Service Award to the Class Representative is fair, reasonable, and adequate, and orders that $5,000 be paid to the Class Representative for her work in this Action. The Service Award set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement.

21. <u>Dismissal</u>. The Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiff and all members of the Class against GSK and Pfizer on the terms and conditions set forth in the Settlement without costs to any party, except as expressly provided for in the Settlement.

22. <u>Release</u>. Upon the Settlement Effective Date as defined in the Settlement, Plaintiff and each and every one of the Class members unconditionally, fully, and finally releases and forever discharges the Defendant-Releasees from the Injunctive Relief Claims. Plaintiff, on her own behalf, unconditionally, fully, and finally releases and forever discharges Defendant from the Individual Claims. In addition, any rights of Plaintiff afforded under Section 1542 of the California Civil Code and any other similar, comparable, or equivalent laws, are terminated.

23. <u>No Admission of Liability</u>. The Settlement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Settlement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement or this Order.

24. <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or the approval of the Settlement is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representative to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court, except insofar as the Settlement expressly provides to the contrary.

25. <u>Retention of Jurisdiction</u>. Without affecting the finality of the Final Judgment and Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

26. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement or pursuant to this Order, including the requirement that Defendant GSK make payments in accordance with the Settlement.

27. The Parties will comply with all obligations under the Settlement until the Settlement is fully and finally administered.

28. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement and this Court.

29. <u>Entry of Judgment</u>. This Order shall constitute a final judgment.

**IT IS SO ORDERED.**

Date: December 9, 2024

HON. JEFFREY S. WHITE
UNITED STATES SENIOR DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA